UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN JONES, on behalf of herself, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> -against- <br><br> STRATEGIC FINANCIAL SOLUTIONS L.L.C., and PIONEER LAW FIRM, P.C., d/b/a THE LAW OFFICES OF JOHN DOUGHERTY AND ASSOCIATES, and TIMBERLINE CAPITAL VENTURES, INC., and HARBOR LEGAL GROUP, L.L.C., d/b/a THE LAW OFFICES OF G. ANTHONY YUTHAS, and CREDIT ADVOCATE COUNSELING CORP., <br><br> Defendants. | **COMPLAINT** <br><br> **Docket No.:** 16-cv-04617 <br><br> Jury Trial Demanded |

Plaintiff, DAWN JONES, ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against STRATEGIC FINANCIAL SOLUTIONS, L.L.C. ("SFS"), and PIONEER LAW FIRM, P.C., doing business as THE LAW OFFICES OF JOHN DOUGHERTY AND ASSOCIATES ("Pioneer"), and TIMBERLINE CAPITAL VENTURES, INC. ("Timberline"), and HARBOR LEGAL GROUP, L.L.C., doing business as THE LAW OFFICES OF G. ANTHONY YUTHAS ("Harbor Legal"), and CREDIT ADVOCATE COUNSELING CORP. ("Credit Advocate"), (all, collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

1

## NATURE OF THE CASE

1.      This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendants are five legally distinct entities that in practice operate together as a single enterprise that offer debt relief to individual consumers throughout the United States.

3.      Defendants employed Plaintiff as a "negotiator" from August 7, 2013 through January 2015, with the exception of a four month period during the latter half of 2014.  As described below, for the entirety of Plaintiff's employment as a "negotiator" save for that four-month exception, Defendants required Plaintiff to work in excess of forty hours per week. However, Defendants failed to pay Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of one and one-half times her straight-time rate of pay, for all hours that she worked each week in excess of forty each week, thereby violating the FLSA and the NYLL.

4.      Furthermore, Defendants violated the NYLL by failing to provide Plaintiff with proper wage statements on each payday or with an accurate wage notice at the time of Plaintiff's hire.

5.      Defendants paid and treated all of their "negotiators" in the same manner.

6.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

7.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), as one or more of the Defendants reside within this judicial district, and as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYCCRR.

11.     At all relevant times herein, Defendant SFS was and is a Nevada limited liability company authorized to do business in New York, which provides debt consolidation to its clients, and which operated and operates out of an office located at 225 West 39th Street, 9th Floor, New York, New York 10018.  Defendant SFS is registered with the New York Department of State to

receive service of process c/o National Registered Agents, Inc., 111 Eighth Avenue, New York, New York 10011.

12.     At all relevant times herein, Defendant Pioneer was and is a Colorado professional corporation authorized to do business in New York, which provides legal services related to debt consolidation to its clients, and is registered with the New York Department of State to receive service of process at Pioneer Law Firm, P.C., 10955 Westmeer Drive, Suite 400, Westminster, Colorado 80021.  Further, Defendant Pioneer operated and operates out of SFS's office located at 225 West 39th Street, 9th Floor, New York, New York 10018.

13.     At all relevant times herein, Defendant Timberline was and is a New York corporation that provides debt relief programs to its clients, with its principal place of business located at 225 West 39th Street, 9th Floor, New York, New York 10018.

14.     At all relevant times herein, Defendant Harbor Legal was and is a Colorado limited liability company authorized to do business in New York, that provides legal services related to debt consolidation to its clients, and is registered with the New York Department of State to receive service of process at Harbor Legal Group, L.L.C., 200 Union Boulevard, Suite 200, Lakewood, Colorado 80028.  Further, Defendant Harbor Legal operated and operates out of SFS's office located at 225 West 39th Street, 9th Floor, New York, New York 10018.

15.     At all relevant times herein, Defendant Credit Advocate was and is a New York not-for-profit corporation that provides legal services related to debt consolidation to its clients, with its principal place of business located at 237 First Avenue, Suite 305, New York, New York 10003.  Further, Defendant Credit Advocate operated and operates out of SFS's office located at 225 West 39th Street, 9th Floor, New York, New York 10018.

4

16.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, the qualifying annual business for Defendant SFS and its affiliated Defendant entities described above exceeded and exceeds $500,000.00, and Defendant SFS and its affiliated Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they assist clients in need of debt relief across the United States, the combination of which subjects it to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, are individually engaged in interstate commerce, as they all routinely handle and work with clients and debtors that have been and continue to be located around the United States, made telephone calls, sent electronic mail, and facsimile transmissions across state lines, and processed credit cards as a form of payment based on cardholder agreements with out-of-state companies.  This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs

## COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former "negotiators" and/or employees with a different title but who have the same or similar job duties as "negotiators," who during the applicable FLSA limitations period, performed any work for any of the Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

18.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

19.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

20.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

22.     Under FRCP 23(b)(3), Plaintiff must plead that:

    a.     The class is so numerous that joinder is impracticable;

    b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.     Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

23.      Plaintiff seeks certification of the following FRCP 23 class:

Current and former "negotiators" and/or employees with a different
title but who have the same or similar job duties as "negotiators,"
who performed any work for any of the Defendants during the
statutory period within the State of New York who: (1) did not
receive compensation from the Defendants at the legally-required
overtime wage rate of pay for each hour worked over forty hours;
and/or (2) were not provided with accurate statutorily-required wage
statements on each payday pursuant to NYLL § 195(3); and/or (3)
were not provided with a wage notice at hire containing specific
categories of accurate information pursuant to NYLL § 195(1).

<u>Numerosity</u>

24.      During the previous six years, the Defendants have, in total, employed at least forty

employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

25.      There are questions of law and fact common to each every Rule 23 Plaintiff that

predominate over any questions solely affecting individual members of the FRCP 23 class,

including but not limited to the following: (1) the duties that the Defendants required and require

each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3)

whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants

failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of

forty hours in a week; (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with

accurate wage statements on each payday containing the information required by N.Y. Lab. Law

§ 195(3); (6) whether the Defendants furnished and furnish Rule 23 Plaintiffs with a wage notice

at hire containing the specific categories of accurate information required by NYLL § 195(1); (7)

whether the Defendants kept and maintained accurate records of hours worked by Rule 23

7

Plaintiffs; (8) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

26.     As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for the Defendants in New York, and the Defendants did not pay them overtime pay for all hours worked in a week over forty.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, to be furnished with accurate wage statements on each payday, and to be furnished with a wage notice at hire containing specific categories of accurate information. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

27.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with the Defendants.  Defendants did not pay Plaintiff

8

overtime for all hours worked over forty hours in a week, did not furnish Plaintiff with accurate wage statements on each payday, and did not furnish Plaintiff with a wage notice at the time of hire containing specific categories of accurate information, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

28.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.     Any lawsuit brought by an employee of the Defendants who worked as a "negotiator," or something similar, would be identical to a suit brought by any other employee for the same violations.  Thus, separate litigation would risk inconsistent results.

30.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

31.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

32.     Defendant SFS, as comprised as the five entities described above, operates as a single employer that provides debt relief services to its consumer clients across the country.  The five entity Defendants described above all: have an interrelation of operations in providing debt relief by sharing employees and clients with one another; concurrently control labor relations

between employees and management; are commonly managed by the same personnel such as Bryan Dillard, Manager of Negotiations at SFS, and Christopher Wilson, also Manager of Negotiations at SFS; and are commonly owned and controlled financially.

33.     On August 7, 2013, Kim Celic, SFS Director of Human Resources, hired Plaintiff to work as a negotiator for one of SFS's then-affiliated entities "Legal Helpers."  In early July 2014, Defendant SFS reassigned Plaintiff to Defendant Pioneer, where Plaintiff continued working as a negotiator until January 2015, with the exception of a four month period when Plaintiff was on maternity leave from July 29, 2014 through October 2014.

34.     Throughout her time working for Defendants as a negotiator, regardless of the entity to which Defendants formally assigned her, Plaintiff's duties consisted of assisting Defendants' attorney-employees by speaking with Defendants' clients and their respective creditors to communicate offers to settle the clients' debts.

35.     From the beginning of her employment through January 2015, Defendants required Plaintiff to work five days a week, from Monday to Friday, for shifts of between nine and eleven hours per day, with a one hour lunch break.  However, during many days, Defendants did not allow Plaintiff to take her one-hour lunch break.  Thus, Defendants required that Plaintiff work between forty-five and fifty hours each week.

36.     For example, during the week of January 27, 2014 through February 2, 2014, Defendants required Plaintiff to work, and Plaintiff did work approximately fifty-two hours, from 8:00 a.m. until 7:00 p.m. from Monday to Friday, while only taking an uninterrupted one-hour lunch break during, at most, three of those days.

37.     For her pay each week, including the week described in the prior paragraph, Defendants paid Plaintiff a flat salary of $33,500.00 that was meant to cover only her first forty hours worked per week, and which amounts to a straight-time rate of $16.11 per hour.

38.     Throughout her employment, Defendants paid her nothing for her time worked each week in excess of forty hours, and thus failed to pay her at one and one-half her regular rate of pay, or $24.17, for all hours worked over forty each week.

39.     Defendants paid Plaintiff on a semi-monthly basis.

40.     On each occasion when Defendants paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed her actual hours worked for that week and/or her straight and overtime rates of pay for all hours worked.

41.     Defendants also intentionally did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by Defendants.

42.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

43.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

44.     Defendants acted in the manner described herein so as to maximize their profits while minimizing labor costs and overhead.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

45.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

47.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48.    Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

49.    Defendants willfully violated the FLSA.

50.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

52.    Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.    N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

54.    Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

55.     Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet the Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

56.     Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

57.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

58.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60.     Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

61.     As described above, Defendants, on each payday, failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

62.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

63.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

64.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65.     N.Y. Lab. Law § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

66.     Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

67.     As described above, Defendants failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage notices at hire containing all of the criteria required under the NYLL.

68.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

69.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

70.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

14

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        June 17, 2016

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        655 Third Avenue, Suite 1821
                                        New York, New York 10017
                                        Tel.    (212) 679-5000
                                        Fax.    (212) 679-5005

                        By:     _____
                                        MICHAEL R. MINKOFF (MM 4787)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)