UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN JONES, on behalf of herself, individually, and
on behalf of all others similarly-situated,

                            Plaintiff,

       -against-

STRATEGIC FINANCIAL SOLUTIONS L.L.C.,
and PIONEER LAW FIRM, P.C., d/b/a THE LAW
OFFICES OF JOHN DOUGHERTY AND
ASSOCIATES, and TIMBERLINE CAPITAL
VENTURES, INC., and HARBOR LEGAL GROUP,
L.L.C., d/b/a THE LAW OFFICES OF G.
ANTHONY YUTHAS, and CREDIT ADVOCATES
LAW FIRM, LLC,

                        Defendants.

16-cv-04617 (SN)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2018
```

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT

This matter having come before the Court for a fairness hearing on June 12, 2018, pursuant

to the Court's Order Granting the Motion for Preliminary Approval of Settlement of Collective

and Class Action entered December 21, 2017 ("Preliminary Approval Order") (Dkt. No. 83), upon

due and adequate notice having been given to the Settlement Class Members, as required by both

the Preliminary Approval Order and this Court's subsequent Order dated March 9, 2018, and the

Court having considered all papers filed and proceedings had herein to determine the fairness of

and final approval of the parties settlement ("Settlement"), and otherwise being fully informed and

for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable,

adequate, and in the best interests of the Federal and New York Classes as defined in the Court's

Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) and Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Order GRANTING the Motion for Final Approval of Class and Collective Action Settlement, Service Awards for Named Plaintiff Dawn Jones and Opt-in Plaintiff Rodney Watkins, an Award for Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addenda, stipulations, and schedules thereto.

2.      This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York Class.

3.      After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Class Action Settlement ("Notice"), together with the Releases, constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Settlement Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4.      Pursuant to Fed. R. Civ. P. 23 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the Settlement, finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3), *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Settlement reflects a reasonable compromise over contested issues

2

involving a bona fide dispute. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order, and Orders all Parties to take the necessary steps to effectuate Settlement.

5. The Court has previously certified and grants final certification to the following two Settlement Classes:

a. under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who spent at least one day working as a negotiator and/or who worked as an employee with a different title but who had the same or similar job duties as a negotiator for/with Defendants, in New York, at any time between June 17, 2010 and November 8, 2017 ("New York class"); and

b. under 29 U.S.C. § 216(b), all individuals who spent at least one day working as a negotiator and/or who worked as an employee with a different title but who had the same or similar job duties as a negotiator for/with Defendants, in New York, at any time between June 17, 2013 and November 8, 2017, and who negotiates his/her settlement check received as a result of this settlement, thereby opting in to the settlement of all FLSA claims ("Federal class").

6. The Court hereby makes the following findings of fact:

a. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate information and discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

b. The distribution of the Settlement is fair, reasonable, and equitable.

3

      c.     The Settlement provides for a Settlement Fund of $920,741.42, of which $552,124.88 is available to satisfy the claims of the Settlement Class Members.  Out of 134 mailed notices, one Class Member opted out - - Mr. Sam Joffie - - and zero Class Members objected.  All Class Members who did not exclude themselves from the settlement submitted will be sent a check for an amount based on the number of weeks that he or she worked between June 17, 2010 and November 8, 2017, with each Class Member receiving one "point" for all weeks worked between June 17, 2010 and November 19, 2016, and each Class Member receiving 0.10 "points" for each week worked from November 20, 2016 until November 8, 2017.  Recovery for each Class Member will be based on the following formula:

$$\$920{,}741.42 \;-\; \left( \begin{array}{c} \text{Service Awards,} \\ \text{Attorneys' Fees, Costs,} \\ \text{and Claims} \\ \text{Administrator Expenses} \end{array} \right) \;\times\; \frac{\text{Individual Class Member's Total Point Value}}{\text{Class Members' Combined Point Value}} \;=\; \begin{array}{c} \text{Settlement} \\ \text{Payment} \end{array}$$

      d.     The Settlement provides for a $20,000 Service Awards each for Named Plaintiff Dawn Jones and Opt-in Plaintiff Rodney Watkins, both of which are hereby approved.

      e.     The Settlement also provides for a payment of $300,000.00, or the equivalent of approximately 32.5% of the total Settlement Fund, plus $8,616.54 for Class Counsel's out-of-pocket expenses, totaling $308,616.54.

      f.     Claims Administrator fees are to be paid out of the Settlement Fund in the amount of $20,000.00.

      g.     Employer-side payroll taxes are to be paid by Defendants separately from the Settlement Fund in the amount determined by the Claims Administrator.

h.      Given the disputed issues of fact and law and the risks to the Settlement

Class Members, and the further delay that would be caused by continued litigation,

including potential trial, and the subsequent appeal of any judgment after trial, the

Settlement is fair, reasonable, and in the best interests of the Settlement Class Members.

i.      Considering the factual and legal issues in dispute, anticipated motion

practice, the possibility of trials and appeals, and the expected duration of litigation, the

terms and amount offered in the Settlement are highly favorable.

j.      Class Counsel has extensive experience in wage and hour collective and

class action litigation and Class Counsel is therefore well equipped to negotiate a fair

settlement for the Named Plaintiff, Opt-in Plaintiffs and Settlement Class Members.  Class

Counsel's opinion merits great weight both because of Class Counsel's familiarity with the

litigation and because of their extensive experience in similar actions.  Defendants' counsel

likewise has substantial experience in this area and they too believe that the Settlement is

fair and reasonable.

k.      All counsel represented the interests of their clients vigorously and devoted

a considerable amount of time, effort, and resources to secure the terms of the Settlement,

including the plan of allocation and distribution to ensure a fair, adequate, and equitable

distribution.

l.      Only one Class Member has excluded himself from the settlement and no

Class Member has filed a timely objection.

7.      Based on those findings of fact, the Court hereby ORDERS as follows:

a.      The terms and provisions of the Settlement have been entered into in good

faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best

interests of the Settlement Class, and in full compliance with all applicable due process requirements. The parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

b.    The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

c.    Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault or wrongdoing of any kind.

d.    The Named Plaintiff, Opt-in Plaintiffs, and all members of the Settlement Class with the exception of the single opt-out, Sam Joffie, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

e.    All Class Members, including the Named and Opt-in Plaintiffs, will release Defendants from NYLL wage and hour claims that were asserted or could have been asserted in this lawsuit.

f.    The Named Plaintiff, and all Class Members who negotiate their settlement checks, will release Defendants from all FLSA claims that were asserted or could have been asserted in this lawsuit.

g.    All claims against Defendants in this action as provided in the Court-approved Releases are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction,

interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

h.      Having reviewed the appropriate case law, the requests for Service awards are granted. Arden Claims Service, LLC is hereby ordered to pay Dawn Jones and Rodney Watkins $20,000.00 each from the Settlement Fund.

i.      Having reviewed the appropriate case law and Class Counsel's billing records, and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $300,000.00 is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants or any Class Member, Class Counsel's request for expenses in the amount of $8,616.54 is granted.

j.      Arden Claims Service, LLC is to be paid $20,000.00 for administration fees and costs from the Settlement Fund.

k.      Employer-side payroll taxes are to be paid by Defendants separately from the Settlement Fund, per Arden Claims Service, LLC's calculations of the same.

8.      Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED**, this 12 day of _June_ , 2018, New York, New York.

The Honorable Sarah Netburn, U.S.M.J.